## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARILYN ZORETIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| SHERIFF DARTE, SHERIFF DYSON, SHERIFF | ) |
| JOHN DOE 1, and SHERIFF JOHN DOE 2 in their | ) |
| individual capacities, THOMAS J. DART as COOK | ) |
| COUNTY SHERIFF in his official capacity, | ) |
| COUNTY OF COOK, CASTILLIAN COURT | ) |
| CONDOMINIUM ASSOCIATION, and FIRST MERIT | ) |
| REALTY SERVICES INC. | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AT LAW

The Plaintiff, MARILYN ZORETIC, by her attorneys, The Law Offices of Eugene K. Hollander, makes the following allegations against the Defendants:

### JURISDICTION

1. This is a civil action seeking damages against Defendants to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This civil action also seeks damages against Defendants under the under the common law of Illinois for intentional infliction of emotional distress. The jurisdiction of this Court is based upon a federal question pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over certain state law claims which derive from a common nucleus of operative fact from Plaintiff Marilyn Zoretic's claims involving substantial federal question.

## VENUE

2. Venue is properly fixed in this District pursuant to 28 U.S.C. § 1391(b). The Defendants reside or resided in this district and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

3. Plaintiff, Marilyn Zoretic, is a citizen and resident of the city of Glenview, Cook County, Illinois.

4. At all times relevant hereto, Defendant Thomas J. Dart was an elected official as the Cook County Sheriff, and on or before June 21, 2008, through his agents, apparent agents and/or employees, operated, maintained, and managed The Cook County Sheriff's Department at 50 W. Washington, Chicago, Cook County, Illinois. This Defendant is being sued in its official capacity.

5. Defendant, County of Cook, through the Cook County Sheriff, is responsible for the policies, practices and customs as followed by Defendant Thomas J. Dart as Cook County Sheriff. This Defendant is being sued in its official capacity.

6. At all times relevant hereto, Defendant Sheriffs Darte, Dyson, John Doe 1, and John Doe 2 were at all times relevant acting under color of law in their office as Cook County Sheriffs, and were employed by Defendant Thomas J. Dart as Cook County Sheriff and County of Cook.

7. Defendant Sheriff Darte is a person within the meaning of 42 U.S.C. § 1983. This defendant is being sued in his individual capacity.

8. Defendant Sheriff Dyson is a person within the meaning of 42 U.S.C. § 1983. This defendant is being sued in his individual capacity.

9. Defendant Sheriff John Doe 1 is a person within the meaning of 42 U.S.C. § 1983. This defendant is being sued in his individual capacity.

10. Defendant Sheriff John Doe 2 is a person within the meaning of 42 U.S.C. § 1983. This defendant is being sued in his individual capacity.

11. Defendant Castillian Court Condominium Association (herein "Castillian Court") is incorporated under the laws of the State of Illinois as a not-for-profit corporation and is granted the authority to administer the Property pursuant to the Declaration of Condominium for Castillian Court Condominium Association, recorded with the Office of the Recorder of Deeds of Cook County, Illinois.

12. Defendant First Merit Realty Services Inc. (herein "First Merit Realty") is an Illinois corporation qualified to do business in the State if Illinois and is doing business in the State of Illinois.

## FACTS

13. On or about September, 2006, Plaintiff took possession of Unit 209, 1104 Castillian Court, Glenview, Illinois, 60025 ("the unit"), pursuant to a month to month tenancy with the unit owner, Marina Shef. Plaintiff was a tenant in possession on or about September 2, 2008.

14. On or about September 2, 2008, an Ex-Parte Order for Possession was entered on behalf of Castillian Court against Mariana Shef and All Unknown Occupants. Enforcement of the order was stayed until November 3, 2008.

15. On or about January 6, 2009, the Cook County Sheriff allegedly enforced the September 2, 2008 order for possession and evicted Plaintiff and her family from the unit. At

that time, an agent of Castillian Court changed the locks to the unit and permitted Zoretic to re-enter and provided her with a key to the new lock.

16. After Defendant Castillian Court discovered its agent had allowed Plaintiff to regain possession of the unit, Defendant Castillian Court and Defendant First Merit Realty intentionally directed Defendant Thomas J. Dart as Cook County Sheriff to evict Plaintiff and her family without obtaining a proper order from the court and without giving Plaintiff proper notice.

17. Accordingly, on June 5, 2009, without an order of eviction and without notice to Plaintiff, Defendant Sheriffs Darte, Dyson, John Doe 1, and John Doe 2 forcibly entered Plaintiff's dwelling by forcing open Plaintiff's locked door. All four Defendants also entered with their guns drawn and pointed at Plaintiff and her family.

18. Plaintiff inquired why the Defendant Sheriffs were there, in which they responded they were evicting Plaintiff and her family. Plaintiff then asked then to see their court order for possession where Defendants showed Plaintiff the expired order from September 2, 2008. Defendants then continued to mock Plaintiff by laughing and telling her they didn't need an order because she should not be living there.

19. While Defendant Sheriffs were inside Plaintiff's dwelling, they would not allow Plaintiff or her family to become fully clothed, leave the premises, touch any of their belongings, or make any type of movement.

20. Defendant Sheriffs also threatened Plaintiff and her family with their guns drawn and pointed at them warning that they were having a bad day and that they had better not make any movements.

21. Defendant Sheriffs searched Plaintiff's dwelling without cause and went through all of their drawers and personal belongings, and took photographs of possessions and personal documents that contained confidential information including social security numbers.

22. Defendant Sheriffs Darte, Dyson, John Doe 1, and John Doe 2 completed their eviction of Plaintiff and her family on June 5, 2009 after approximately one and one half hours of unlawful detention.

23. Because of said eviction, Plaintiff and her family were forced to stay at a hotel from June 5, 2009 through June 16, 2009.

24. On or about June 15, 2009, an Order was entered with the Cook County Circuit Court which ordered Defendant Castillian Court to restore Plaintiff to possession of the unit on or before June 16, 2009. Further, the Order stated that Castillian Court shall not interfere with Plaintiff's right to ingress and egress unless and until a lawful order is entered granting possession of the subject unit after execution by the appropriate officials. *See* Order attached as **Exhibit 1**.

25. Plaintiff currently continues to reside at Unit 209, 1104 Castillian Court, Glenview, Illinois, 60025.

### COUNT I– SECTION 1983 DUE PROCESS VIOLATIONS
### (DEFENDANT SHERIFFS INDIVIDUALLY)

26. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

27. Plaintiff had a liberty interest under the Fourteenth Amendment of the United States Constitution to protect him from the Defendant Sheriffs abuse of their powers and unduly

interfering with Plaintiff's right to her property and possessions including her right to receive notice of an eviction.

28. The actions of Defendant Sheriffs in failing to provide Plaintiff with reasonable notice prior to their eviction were intentional, willful and wanton. Defendants said actions caused Plaintiff a loss of liberty that amounted to a deprivation. The deprivation was without due process of law.

29. Defendant Sheriffs committed the acts alleged above under color of law, and in the scope of their employment, as employees of the Cook County Sheriff and County of Cook. The actions of the Defendant Sheriffs violated the Plaintiff's Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

30. As a direct and proximate consequence of said conduct of Defendant Sheriffs, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, Marilyn Zoretic, prays for judgment against the Defendants Sheriff Darte, Sheriff Dyson, Sheriff John Doe 1, and Sheriff John Doe 2 and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT II– SECTION 1983 EXCESSIVE FORCE
### (DEFENDANT SHERIFFS INDIVIDUALLY)

31. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

32. The force used by the Defendant Sheriffs was unreasonable, unprovoked, unnecessary and excessive. Defendant Sheriffs acted with actual malice and with intent to

threaten harm with willful and wanton indifference to and conscious disregard for the constitutional statutory rights and safety of the Plaintiff.

33. The excessive force and unlawful detention of Plaintiff by Defendant Sheriffs when said Defendants had no lawful authority to detain Plaintiff or use excessive force against her, violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

34. As a direct and proximate consequence of said conduct of Defendant Sheriffs, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, Marilyn Zoretic, prays for judgment against the Defendants Sheriff Darte, Sheriff Dyson, Sheriff John Doe 1, and Sheriff John Doe 2 and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT III– SECTION 1983 ILLEGAL SEARCH AND SEIZURE
### (DEFENDANT SHERIFFS INDIVIDUALLY)

35. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

36. The searches and seizures of Plaintiff's person, property, and belongings along with the unlawful detention of Plaintiff in her dwelling performed willfully and wantonly by Defendants, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

37. As a direct and proximate consequence of said conduct of Defendant Sheriffs, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, Marilyn Zoretic, prays for judgment against the Defendants Sheriff Darte, Sheriff Dyson, Sheriff John Doe 1, and Sheriff John Doe 2 and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT IV– SECTION 1983 FALSE IMPRISONMENT
### (DEFENDANT SHERIFFS INDIVIDUALLY)

38. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

39. Defendant Sheriffs falsely imprisoned Plaintiff by unlawfully restraining Plaintiff against her will at gunpoint thereby restricting any and all movement deprived her of her personal liberty and freedom of locomotion. Defendants knowingly caused Plaintiff's detention without probable cause or any other justification which constitutes deliberate indifference to Plaintiff's rights under the United States Constitution, thus violating the Fourteenth Amendment to the United States Constitution.

40. As a direct and proximate consequence of said conduct of Defendant Sheriffs, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, Marilyn Zoretic, prays for judgment against the Defendants Sheriff Darte, Sheriff Dyson, Sheriff John Doe 1, and Sheriff John Doe 2 and demands compensatory damages, and because these Defendants acted maliciously, wantonly, or

oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT V– MONELL CLAIM
### (COUNTY OF COOK and THOMAS J. DART)

41. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

42. The actions of Defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of Cook County, and Thomas J. Dart as Cook County Sheriff.

43. Among the *de facto* policies of Cook County and Thomas J. Dart as Cook County Sheriff were:

    a. The failure to properly investigate allegations of sheriff misconduct.

    b. The failure to have a system which monitors patterns of alleged sheriff misconduct.

    c. The failure to properly discipline sustained allegations of sheriff misconduct.

    d. The failure to properly maintain records of misconduct and allegations of misconduct, including the use of excessive force, false imprisonment, and illegal search and seizure.

    e. The failure to properly hire, train, monitor, and/or supervise sheriffs.

    f. The failure to properly train sheriffs on proper eviction procedure and to ensure sheriffs act on proper order.

44. The aforementioned policies, practices, and customs, individually and collectively, have been maintained and/or implemented with deliberate indifference by the Defendant County of Cook, and its subsidiary departments, Thomas J. Darte as Cook County Sheriff, and were the moving force behind Defendant Sheriffs Darte, Dyson, John Doe 1 and

John Doe 2 to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Marilyn Zoretic, prays for judgment against Defendant County of Cook and Thomas J. Dart as Cook County Sheriff, for compensatory damages plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (CASTILLIAN COURT)

45. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

46. Defendant Castillian Court's conduct of ordering the Cook County Sheriff's Department to enter Plaintiff's unit and evict her and her family knowing they did not possess a lawful order of possession, and without any notice to Plaintiff, constitutes extreme and outrageous conduct under Illinois law.

47. Defendant intended to inflict severe emotional distress upon Plaintiffs, or knew that there was a high probability that its conduct would cause them to suffer severe emotional distress.

48. As a direct and proximate result of one or more of the aforesaid acts or omissions, the Plaintiffs have suffered diminished enjoyment of life, severe emotional distress, humiliation, pain, embarrassment, and inability to live a normal life.

**WHEREFORE**, Plaintiff Marliyn Zoretic, prays for judgment and demands compensatory damages against Defendant Castillian Court, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

10

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (FIRST MERIT REALTY)

49. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

50. Defendant First Merit Realty's conduct of ordering the Cook County Sheriff's Department to enter Plaintiff's unit and evict her and her family knowing they did not possess a lawful order of possession, and without any notice to Plaintiff, constitutes extreme and outrageous conduct under Illinois law.

51. Defendant intended to inflict severe emotional distress upon Plaintiffs, or knew that there was a high probability that its conduct would cause them to suffer severe emotional distress.

52. As a direct and proximate result of one or more of the aforesaid acts or omissions, the Plaintiffs have suffered diminished enjoyment of life, severe emotional distress, humiliation, pain, embarrassment, and inability to live a normal life.

**WHEREFORE**, Plaintiff Marliyn Zoretic, prays for judgment and demands compensatory damages against Defendant First Merit Realty, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT VIII– 745 ILCS 10/9-102
### (COUNTY OF COOK and THOMAS J. DART)

53. Plaintiff reincorporates and realleges Paragraphs 1 through 25 as though more fully set forth therein.

54. Defendants County of Cook and Thomas J. Darte as Cook County Sheriff, were the employers of Defendant Sheriffs Darte, Dyson, John Doe 1, and John Doe 2.

55. Defendant Sheriffs Darte, Dyson, John Doe 1, and John Doe 2 committed the above acts under the color of law and while they were employees of the County of Cook and Thomas J. Darte as Cook County Sheriff.

**WHEREFORE**, should the Defendant Thomas J. Darte as Cook County Sheriff be liable on any of the claims set forth above, Plaintiff, Marilyn Zoretic, demands that pursuant to 745 ILCS 10/9-102, the Defendants County of Cook, be found liable for any judgment obtained thereon against the Defendant Thomas J. Darte as Cook County Sheriff, including attorney's fees and costs awarded.

**Respectfully Submitted,**
**MARILYN ZORETIC,**

/s/ Eugene K. Hollander
One of Her Attorneys

Eugene K. Hollander
Paul W. Ryan
Gina M. Shawver
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
gshawver@ekhlaw.com