IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARILYN ZORETIC,                                )
                                                )
                Plaintiff,                       )       No.  10 C 6011
        v.                                      )
                                                )       Judge Robert W. Gettleman
SHERIFF DARGE, Star #10912, SHERIFF             )
DYSON, Star #10429, SHERIFF TRYBA,              )
Star #11135 and SHERIFF TRYBA, Star #10276,     )
in their individual capacities, THOMAS J. DART, )
as Cook County Sheriff, in his official capacity, )
COUNTY OF COOK, CASTILLIAN COURT                )
CONDOMINIUM ASSOCIATION, FIRST                  )
MERIT REALTY SERVICES, INC.,                    )
                                                )
                Defendants.                      )

## <u>MEMORANDUM OPINION AND ORDER</u>

In a first amended complaint, plaintiff Marilyn Zoretic has sued Cook County Sheriff

Tom Dart in his official capacity, and Cook County Sheriff Deputies Darge, Dyson, and Tryba in

their individual capacities (the "defendant officers") alleging that these defendants violated her

Fourth and Fourteenth Amendment rights in connection with their allegedly unlawful eviction of

plaintiff from her residence (the constitutional claims").  Plaintiff has also sued defendants

Castillian Court Condominium Associations ("Castillian Court") and First Merit Realty Services,

Inc. ("First Merit") for intentional infliction of emotional distress ("IIED").  Defendants

Castillian Court and First Merit have filed separate motions to dismiss under Fed. R. Civ. P.

12(b)(1) and 12(b)(6).  For the reasons discussed below, both motions are denied.

## **FACTS**[1]

Sometime in September 2006 plaintiff began living in Unit 209, 1104 Castillian Court, Glenview, Illinois pursuant to a month-to-month lease with the Unit's owner, Marina Shef. On or about September 2, 2008, defendant Castillian Court obtained an eviction order against Shef and "all unknown occupants." Enforcement of the order was stayed until November 3, 2008. On January 9, 2009, the Sheriff's Office enforced the eviction order, evicting plaintiff and her family from the Unit. The locks on the Unit were changed, but then someone from Castillian Court and/or First Merit gave plaintiff the keys and permitted her to move her family back in. When defendants Castillian Court and First Merit discovered that plaintiff had been permitted to regain possession, they directed the Cook County Sheriff's Department to again evict plaintiff. Pursuant to that direction, on June 5, 2009, the defendant officers forcibly entered the Unit with guns drawn. Plaintiff and her family were held for approximately one and a half hours while the officers went through plaintiff's personal possessions and took photographs of items containing plaintiff's confidential information. Plaintiff and her family were eventually removed from the Unit and had to stay at a hotel for approximately 12 days.

On June 15, 2009, the Circuit Court of Cook County entered an order directing Castillian Court to restore plaintiff to possession of the Unit until such time as a lawful order granting possession to Castillian Court was entered.

---

[1]The facts are taken from the allegations in the amended complaint.

## <u>DISCUSSION</u>

Counts VI and VII charge Castillian Court and First Merit with IIED.  Both defendants have moved to dismiss, arguing that the court lacks subject matter jurisdiction over the claims and that the allegations fail to state a claim.

The court has original subject matter jurisdiction over the action under 28 U.S.C. § 1331 based on plaintiff's constitutional claims against the defendant officers.  Under 28 U.S.C. § 1367(a) "in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Federal and state law claims are part of the "same case or controversy" only if they derive from a "common nucleus of operative facts."  <u>United Mineworkers v. Gibbs</u>, 338 U.S. 715, 726 (1966).

Castillian Court and First Merit assert that plaintiff's claims for IIED and her constitutional claims against the defendant officers do not arise out of a common nucleus of operative facts.  According to defendants, the two sets of claims can arise from a common nucleus of fact only if the conduct giving rise to the IIED claim is the same conduct that gives rise to the constitutional claims.  In the instant case, defendants argue that the conduct giving rise to the IIED claims is the alleged delivery of an invalid eviction writ to the Sheriff, while the conduct giving rise to the constitutional claims is the defendant officers' actions in executing that writ.  Thus, defendants argue that although Castillian Court's and First Merit's actions may have precipitated the defendant officers' actions, the IIED claims against Castillian Court and

First Merit are separately maintainable and determinable without any reference to the allegation in the counts against the defendant officers.

The court disagrees with defendants Castillian Court's and First Merit's positions. The facts necessary to support the IIED claims are more than just the placing of an invalid writ. Whether plaintiffs suffered emotional distress and, if so, whether it was sufficiently severe to support her claim will depend on what the individual officers did while executing the writ. Therefore, the facts required to prove the constitutional claims will overlap those to prove all of the elements of the IIED claims. Consequently, the court concludes that both sets of claims arise from a common nucleus of operative facts.

The court also rejects Castillian Court's and First Merit's arguments that the IIED counts fail to state a claim. To survive a motion to dismiss a complaint need only contain sufficient factual matters to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2003). The claim has facial plausibility when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

Plaintiff alleges that Castillian Court and First Merit caused the Sheriff's Department to evict plaintiff and her family knowing that they did not have legal authority to do so, and intending to cause or knowing that their actions would cause severe emotional distress. The facts are sufficient to place these defendants on notice of plaintiff's claims against them. Consequently, the court denies both defendants' motions to dismiss for failure to state a claim.

Accordingly, for the reasons set forth, above defendant Castillian Court's motion to dismiss (Doc. 25) and defendant First Merit's motion to dismiss (Doc. 27) are denied.


**ENTER:**       **March 2, 2011**

Robert W. Gettleman
United States District Judge