IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN ZORETIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 6011 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| SHERIFF DARGE, Star #10912, SHERIFF | ) | |
| DYSON, Star #10429, SHERIFF TRYBA, | ) | |
| Star #11135 and SHERIFF TRYBA, Star #10276, | ) | |
| in their individual capacities, THOMAS J. DART, | ) | |
| as Cook County Sheriff, in his official capacity, | ) | |
| CASTILLIAN COURT CONDOMINIUM | ) | |
| ASSOCIATION, FIRST MERIT REALTY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Marilyn Zoretic, proceeding pro se,[1] has brought a first amended complaint against Cook County Sheriff Tom Dart, in his official capacity, and Cook County Sheriff Officers Darge, Dyson, and Tryba, in their individual capacities (the "defendant officers"), alleging that these defendants violated her Fourth and Fourteenth Amendment rights in connection with their allegedly unlawful eviction of plaintiff from her residence. Counts I through IV brought against Tryba, Darge and Dyson allege that these defendants: (1) violated plaintiff's due process rights by failing to give her proper notice of the eviction (Count I); (2) used excessive force in carrying out the eviction (Count II); (3) illegally searched and seized plaintiff's person and property (Count III); and (4) falsely imprisoned plaintiff (Count IV). Count V is a claim brought pursuant to Monell v. Department of Social Services of the City of

---

[1] Plaintiff's original lawyers were granted leave to withdraw due to professional differences. The court requested an attorney from the trial bar to represent plaintiff, but that attorney also encountered professional differences with plaintiff.

New York, 436 U.S. 658 (1978), against Sheriff Dart. Plaintiff has also sued defendants Castillian Court Condominium Association, ("Castillian Court") and its property manager First Merit Realty Services, Inc. ("First Merit"), for intentional infliction of emotional distress ("IIED"). Darge, Dyson and Dart have moved for summary judgment on the counts asserted against them. Tryba has filed a separate motion for summary judgment as to the counts against her, and Castillian Court and First Merit have filed a third motion for summary judgment on Counts VI and VII. All three motions were accompanied by L.R. 56.1 statements of material facts not in dispute and memoranda of law, as well as an L.R. 56.2 notice to pro se litigants opposing summary judgment.[2]

      Plaintiff has filed a three page response to all three motions. That response consists of two paragraphs of "argument" in which she simply denies that her case fails as a matter of law. The remaining pages consist of "responses" to some (but not all) of the defendants' L.R. 56.1 statements, without identifying to which statement the response is directed. Most of plaintiff's "responses" are simply denials, without any record citation or support. She has presented nothing by way of legal argument or record citation to refute any of the arguments raised by any of the defendants.

      The court has reviewed defendants' motions and supporting evidence and concludes that defendants are all entitled to summary judgment. First, the evidence presented establishes that the three officers were acting pursuant to a facially valid court order. Consequently, they are

---

[2]This notice provides pro se litigants with specific instructions on how to respond to motions for summary judgment.

entitled to quasi-judicial immunity. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1239 (7th Cir. 1986)(and cases cited therein).

    Nor is there any evidence that defendant Tryba used excessive force when executing the eviction order. Plaintiff admits that none of the defendants touched her or any member of her family. Plaintiff was not handcuffed. Thus, plaintiff's only claim is that defendant Tryba initially entered the apartment with her gun drawn. The undisputed evidence establishes that defendants knocked on the door and announced their presence. They received no answer. The door was unlocked so the defendant officers drew their weapons and entered. All defendants testified that they acted pursuant to standard procedure. When they saw that plaintiff and her husband were unarmed they holstered their weapons. Plaintiff has presented no evidence or argument to suggest that defendant's actions were objectively unreasonable. The case law demonstrates that they were not. See Grayer v. Greenwood, 2010 WL 996466 at *7 (N.D. Ill. Mar. 16, 2010).

    There is also no merit to plaintiff's claim that the defendant officers conducted an illegal search and seizure. Because it is undisputed that the officers did not search plaintiff, her only claim is that they illegally searched the premises. To the contrary, they entered legally pursuant to a facially valid court order. They conducted a brief protective sweep of the unit to determine if there were any occupants other than plaintiff and her husband. They did not open drawers, cabinets, or boxes. The entire sweep lasted no longer than a couple minutes. Plaintiff was allowed to take her jewelry and $400.00 cash, which were photographed by the defendant officers. There is simply no evidence to suggest that this brief protective sweep of the unit, or plaintiff's brief detention during that sweep, was objectively unreasonable. See Maryland v.

3

Buie, 494 U.S. 325, 334 (1990) (brief protective sweep incident to an arrest to assure officer's safety is constitutionally reasonable).

Finally, defendant has presented no evidence to support her IIED claims against First Merit or Castillian Court. To establish a claim for IIED, plaintiff must present credible evidence that: (1) these defendants' conduct was extreme and outrageous; (2) these defendants intended that their conduct would inflict severe emotional distress, or knew that there was a high probability that their conduct would cause severe emotional distress; and (3) that these defendants' conduct did, in fact, cause severe emotional distress. Stokes v. Board of Education of the City of Chicago, 599 F.3d 617, 626 (7th Cir. 2010).

Plaintiff's claims hinge entirely on her allegation that these defendants ordered the Cook County Sheriffs Department to enter her unit and evict her and her family, knowing that they did not possess a lawful order of eviction, and without giving any notice to her. There is, however, simply no evidence in the record to support this allegation. The evidence submitted by defendants shows that Castillian Court, through its first property manager Nimrod Realty Group and then First Merit, hired the Kovitz Shirfrin Nesbitt Law Firm (the "Kovitz Firm") to obtain an order of possession for Unit 209 when the owner failed to pay the association fees. The Kovitz Firm obtained an order of possession on September 2, 2008. That order was certified by the Clerk of the Circuit Court on November 24, 2008, and executed by Cook County Sheriff Officers on January 6, 2009. Plaintiff was evicted at that time, but Nimrod allowed her to re-enter the unit after she promised to execute a month to month lease at a rate of $950 per month. Plaintiff never executed a lease.

First Merit took over as property manager on February 1, 2009. First Merit tendered two proposed lease agreements to plaintiff along with the September 2, 2008, order of possession. When plaintiff refused to sign, First Merit told her that Castillian Court would seek possession pursuant to that order.

Because plaintiff refused to sign a lease or voluntarily vacate the unit, First Merit turned the matter over to the Kovitz Firm. The Kovitz Firm obtained a new certified order from the Clerk of the Circuit Court on February 24, 2009, and placed that order with the Cook County Sheriff's Department. The Kovitz Firm obtained another certified order on April 29, 2009, which was the order executed by the instant officer defendants.

These undisputed facts demonstrate that First Merit and Castillian relied on the Kovitz Firm to effect the eviction properly. There is simply no evidence that either of these defendants' conduct was extreme or outrageous. Nor is there any evidence that plaintiff has suffered severe emotional distress. Accordingly, First Merit's and Castillian Court's motions for summary judgment are granted.

## CONCLUSION

For the reasons stated above, Darge, Dyson and Dart's motion for summary judgment (Doc. 170) is granted. Defendant Tryba's motion for summary judgment (Doc. 169) is granted and defendants Castillian Court and First Merit's motion for summary judgment (Doc. 164) is granted.

**ENTER:** **February 20, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**

5